UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ANTONIO MACHIN ROQUE,

    Petitioner,

v.

                                     No. 6:26-CV-141-H

PHILLIP VALDEZ, et al.,

    Respondents.

## ORDER

Before the Court is Antonio Machin Roque's emergency motion for a temporary restraining order and preliminary injunction. Dkt. No. 2. Because it would be improper to enjoin the respondents from moving Machin Roque outside the Northern District of Texas or to another detention center, and because the motion improperly requests the ultimate relief sought in the pending habeas petition (Dkt. No. 1), the motion is denied.

### 1.  Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2.    **Analysis**

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Machin Roque "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025). "Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO." *Saechao v. Noem*, No. 3:26-CV-624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026).

Machin Roque's motion appears to request the same relief sought in his habeas petition. Dkt. No. 2-1 at 3. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests that the Court order his immediate release or a bond hearing in his motion, Dkt. No. 2-1 at 3, 13, but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 19. "[G]ranting ultimate relief is something courts do not do in TROs." *Saechao*, 2026 WL 602783, at *2.

Next, Machin Roque requests an order preventing the respondents from transferring him outside the Northern District of Texas or to another detention center. Dkt. No. 2-1 at 3, 13. If he is concerned that an out-of-district transfer would divest the Court of jurisdiction, then he is mistaken. *See id.* at 3. "It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)).

In any event, the respondents have broad discretion to determine where an alien is detained, as well as when and whether the alien should be moved. "The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). "*Courts* should not be micro-managing this issue." *Candido v. Bondi*, No. 25-CV-867, 2025 WL 3123696, at *2 (W.D.N.Y. Nov. 7, 2025) (emphasis in original). Indeed, courts have concluded that they lack jurisdiction to enjoin the government from transferring immigration detainees to other judicial districts, as

– 3 –

those decisions are committed to the Attorney General's discretion. *See, e.g., Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025) (collecting cases). The Court sees no good reason to deviate from those decisions.

For these reasons, Machin Roque's emergency motion for TRO and preliminary injunction (Dkt. No. 2) is denied. The habeas petition (Dkt. No. 1) remains pending.

So ordered on April ___, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE