UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ANTONIO MACHIN ROQUE,

    Petitioner,

v.

                            No. 6:26-CV-141-H

PHILLIP VALDEZ, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Antonio Machin Roque, a native and citizen of Cuba, is one such alien, having illegally entered the United States four years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Machin Roque's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Machin Roque are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the facts and legal arguments presented in this petition are indistinguishable from those addressed by the Court in many prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

## 1. Background

In 2022, Machin Roque illegally entered the United States at or near Eagle Pass, Texas. Dkt. No. 1 ¶ 2. Amidst a wave of illegal entries across the U.S.-Mexico border and the resulting lack of detention capacity, immigration officials released Machin Roque into the United States on his own recognizance. *Id.* He was also served with a Notice to Appear charging him with removability as an alien who is present in the United States without being admitted or parole. *Id.* (citing 8 U.S.C. § 1182(a)(6)(A)(i)). Years later, in February 2026, ICE took Machin Roque into custody following a traffic stop. *Id.* ¶ 3. He is currently detained without bond at the Eden Detention Center in Eden, Texas. *Id.* ¶ 5.

Machin Roque sought a bond hearing before an immigration judge. *See id.* ¶ 8. But the IJ denied the request for lack of jurisdiction. *Id.*; Dkt. No. 1-2 at 1. That conclusion followed from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which holds that aliens present in the United States without admission must be detained

---

[1] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings.  29 I. & N. Dec. 216, 220 (BIA 2025).[2]

Because no immigration judge will grant bond, Machin Roque seeks a writ of habeas corpus.  Dkt. No. 1.  The petition states two primary claims for relief.  First, Machin Roque alleges that his detention without bond violates his substantive and procedural due process rights.  *Id.* ¶¶ 34–54.  Second, he asserts that re-detaining him without a material change in his circumstances violates the APA.  *Id.* 55–60.[3]

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief.  813 F. Supp. 3d 692, 705–10 (N.D. Tex. 2025).  Moreover, in a March 6 order, the Ninth Circuit stayed the Central District's vacatur pending a ruling on the government's emergency motion for a stay pending appeal.  *Maldonado Bautista v. DHS*, No. 26-1044, Dkt. No. 5 at 2 (9th Cir. March 6, 2026).  The BIA only recently decided *Yajure Hurtado*, meaning it would be "an exercise in futility" to appeal from the IJ's denial of a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).  Thus, Machin Roque's petition does not present an exhaustion problem.  *Id.*  For these reasons, insofar as Machin Roque believes that he is entitled to relief because of *Maldonado Bautista*, *see* Dkt. No. 1 ¶ 33, he is mistaken.

[3] Machin Roque concedes that his statutory challenge is foreclosed.  Dkt. No. 1 ¶ 35.  He raises it here for preservation purposes.

Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Machin Roque raises two primary claims in his habeas petition—one involving the Fifth Amendment's Due Process Clause, and another based on the APA. Dkt. No. 1 ¶¶ 34–60. The Court has repeatedly rejected identical arguments. *See supra*, note 1. Nevertheless, the Court considers the arguments raised in Machin Roque's petition to address whether bond-less detention violates the Constitution or APA. The answer is no.

#### A.    The Due Process Clause does not require the government to give Machin Roque a bond hearing.

First is Machin Roque's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Machin Roque's arguments. He asserts that his detention without bond violates both his substantive and procedural due process rights. But on either approach, Machin Roque is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of

noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

Machin Roque's procedural due process claim fares no better. He seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶ 36. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712, 725 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (quotation omitted)). Critically, aliens who are released into the country pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Machin Roque has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Machin Roque is not entitled to a bond hearing or an ex ante re-detention determination as a matter of procedural due process. *See* Dkt. No. 1 ¶ 43.

### B.    The APA precludes judicial review of Machin Roque's claim.

Machin Roque contends that "re-detention of individuals previously released, without material changed circumstances, is arbitrary and capricious in violation of the APA." Dkt. No. 1 ¶ 56. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Machin Roque seeks habeas relief, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. at 672). The APA thus does not provide for judicial review of his claim.[4]

### 4.    Conclusion

In short, Machin Roque, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. Neither the Due Process Clause nor the APA require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

---

[4] In any event, *Buenrostro-Mendez* forecloses an APA claim on the merits, as Machin Roque acknowledges. *See* Dkt. No. 1 at 16 (raising an APA claim to "preserve the argument").

-7-

– 8 –

So ordered on April 2Y, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE